UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-509 CAS (FFMx) | Date | March 14, 2012 |
|---|---|---|---|
| Title | UMAR LATIF v. M&C HOTEL INTERESTS, INC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | NOT PRESENT | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| NOT PRESENT | NOT PRESENT |

**Proceedings:** **(In Chambers:) MOTION TO DISMISS PLAINTIFF'S THIRD AND SIXTH CLAIMS, AND TO STRIKE GENDER BIAS ALLEGATION** (filed: 02/15/2012)

## I.     INTRODUCTION & BACKGROUND

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of March 19, 2012 is vacated, and the matter is hereby taken under submission.

Plaintiff Umar Latiff was hired by defendant M&C Hotel Interests, Inc. ("M&C") as vice president/global head of information technology in March 2010. FAC ¶ 11. On June 13, 2011, plaintiff notified his supervisor and human resources in writing that he would be taking a leave of absence due to the birth of his first child. Id. at ¶ 13. Within two days of that leave of absence, plaintiff allegedly received a voicemail from defendant Allen Anderson ("Anderson") "strongly discouraging him from taking a leave of absence." Id. at ¶ 14. Anderson allegedly stated that because plaintiff would be working part time throughout the leave, he was "better off getting paid for this time." Id. Plaintiff nonetheless decided to take leave. According to plaintiff, defendants David Cockburn ("Cockburn") and M&C terminated plaintiff's employment "almost immediately after plaintiff's return to work on September 9, 2011." Id. at ¶ 15.

Accordingly, plaintiff filed suit in Los Angeles County Superior Court on December 12, 2011. Defendants removed to this Court on January 19, 2012 on the basis of federal question jurisdiction. On February 1, 2012, plaintiff filed a first amended complaint against M&C, Cockburn, Anderson, and DOES 1–10 ("defendants"). Dkt. No. 11. The FAC asserts six claims: (1) Discrimination in Violation of California Family

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-509 CAS (FFMx) | Date | March 14, 2012 |
|---|---|---|---|
| Title | UMAR LATIF v. M&C HOTEL INTERESTS, INC.; ET AL. | | |

Rights Act, Government Code §§ 12900 and 12945.2 et seq.; (2) Retaliation in Violation of California Family Rights Act, Government Code §§ 12900 and 12945.2 et seq.; (3) Violation of Family Medical Leave Act ("FMLA"), 29 U.S.C. §2601 et seq.; (4) Interference with Family Medical Leave Act, 29 U.S.C. §§ 2601 et seq.; (5) Wrongful Termination in Violation of Public Policy; and (6) Intentional Infliction of Emotional Distress ("IIED").

On February 15, 2012, defendants filed a motion to dismiss plaintiff's third and sixth claims, and to strike the gender bias allegation in the FAC. Dkt. No. 14. On February 23, 2012, plaintiff filed his opposition. Dkt. No. 16. On March 5, 2012, defendants filed their reply. Dkt. No. 17. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

### A.   Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-509 CAS (FFMx) | Date | March 14, 2012 |
|---|---|---|---|
| Title | UMAR LATIF v. M&C HOTEL INTERESTS, INC.; ET AL. | | |

complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**B.    Fed. R. Civ. P. 12(f)**

A motion to strike material from a pleading is made pursuant to Rule 12(f). Under Rule 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." A Rule 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-509 CAS (FFMx) | Date | March 14, 2012 |
|---|---|---|---|
| Title | UMAR LATIF v. M&C HOTEL INTERESTS, INC.; ET AL. | | |

pleading contains inappropriate material.  The Court may also strike under Rule 12(f) a prayer for relief which is not available as a matter of law.  Tapley v. Lockwood Green Eng'rs, 502 F.2d 559, 560 (8th Cir. 1974).  The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).  Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Rule 12(f) are disfavored.  Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

## III.    DISCUSSION

### A.    Third Claim for Retaliation in Violation of FMLA

The prohibited acts under §2615(a) of the FMLA fall into two general categories: "interference" claims under §2615(a)(1) and "retaliation/discrimination" claims under §2615(a)(2).  Here, plaintiff alleges that defendants violated the FMLA by interfering with his right to take a leave of absence following the birth of his child.  FAC ¶ 37.  Plaintiff does not specify which provision of §2615(a) defendants allegedly violated.

Defendants move to dismiss the third claim on the ground that plaintiff's allegations of retaliation fall under §2615(a)(2), which prohibits employers from discharging or otherwise discriminating against any individual who opposes any practice by the employer made unlawful under the FMLA.  Mot. at 4; 29 U.S.C. §2615(a)(2).  Since plaintiff has not pled that he opposed any of M&C's practices that allegedly violated the FMLA, defendants assert that plaintiff only has a claim for "interference" under §2615(a)(1).  Since plaintiff already pled a violation for interference under the FMLA in his fourth claim, defendants assert that dismissal of plaintiff's third claim is appropriate.

The Court finds that it is premature to dismiss this claim.  Although the Ninth Circuit has recognized that adverse employment actions suffered by an employee using paternity leave are covered under the provisions governing "interference" (§2615(a)(1)), not the provisions governing "anti-retaliation/discrimination" (§2615(a)(2)), see Xin Liu v. Amway Corp., 347 F.3d 1125, 1133 n.7 (9th Cir. 2003), the Court finds that this issue is better left for decision on a motion for summary judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-509 CAS (FFMx) | Date | March 14, 2012 |
|---|---|---|---|
| Title | UMAR LATIF v. M&C HOTEL INTERESTS, INC.; ET AL. | | |

Accordingly, defendants' motion to dismiss is DENIED as to plaintiff's third claim.

### B.    Sixth Claim for IIED

A claim for intentional infliction of emotional distress requires: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by defendant's outrageous conduct.  Sabow v. United States, 93 F.3d 1445, 1454 (9th Cir. 1996).

Plaintiff alleges that defendants' conduct constitutes "outrageous behavior" that was intended to, and did, cause plaintiff to suffer severe emotional distress "in the form of shame, humiliation, embarrassment, anger, chagrin, disappointment, anxiety, and suffering."  FAC ¶¶ 51–54.

Defendants move to dismiss this claim on the following grounds: (1) preemption by the Workers' Compensation Act, California Labor Code §§3200 et seq.; (2) failure to allege extreme and outrageous conduct; (3) lack of ability of routine employee management decisions and/or communications to support IIED claims; and (4) insufficiency of the pleading under Twombly and Iqbal.  Mot. at 6–7.

In opposition, plaintiff specifies that the "extreme and outrageous conduct" he suffered is not the decision to terminate him, but rather the defendants' unlawful discrimination, interference, and retaliation for exercising his legal rights.  Opp'n at 5–6.
The Court finds that plaintiff's IIED claim should not be dismissed at this juncture. While it appears that the alleged voicemail from defendant Anderson discouraging plaintiff not to take leave does not by itself constitute extreme and outrageous conduct, plaintiff has also alleged gender bias.  See FAC ¶ 17 ("Plaintiff is informed and believes that he would not have been terminated for invoking his right to take a medical leave of absence under the California Family Rights Act and the [FMLA] if he had been female. . . [and] the discrimination and retaliation are part of an ongoing pattern.").  To the extent that defendants' conduct may rise to the level of extreme and outrageous conduct, the Court concludes that this issue is better left for determination on a motion for summary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-509 CAS (FFMx) | Date | March 14, 2012 |
|---|---|---|---|
| Title | UMAR LATIF v. M&C HOTEL INTERESTS, INC.; ET AL. | | |

judgment.  Accordingly, the Court DENIES defendants' motion to dismiss plaintiff's sixth claim for IIED.[1]

### C.     Motion to Strike Gender Bias Allegation

Defendants assert that plaintiff's gender bias allegation, FAC ¶ 17, is "immaterial" because it bears "no essential or important relationship to the claims for relief," and thus move to strike that portion of the FAC.  Mot. at 8.

The Court disagrees.  Because it is possible that gender bias could have played a role in defendants' alleged conduct and could affect the measure of damages if plaintiff were to prevail at trial, the Court DENIES defendants' motion to strike.  RDF Media Ltd. v. Fox Broadcasting Co., 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005) (holding that motions to strike are generally disfavored and should be granted only when the court is convinced that there are no questions of fact or law in dispute and no set of circumstances under which the claim could succeed).

---

[1] Whether this claim is preempted by the Workers' Compensation Act is also better addressed at a later stage of the proceedings.  While claims for IIED made within the context of the employment relationship are within the exclusive remedy provisions of the Workers' Compensation Act, the Court does not find that defendants' alleged conduct necessarily qualifies as a normal part of the employment relationship.  Schaffer v. GTE, Inc., 40 Fed. Appx. 552, 557 (9th Cir. 2002).  To the extent that the alleged outrageous conduct is premised on gender discrimination, plaintiff's claim for IIED is not necessarily barred by the Workers' Compensation Act.  See Barefield v. Board of Trustees of CA State Univ., Bakersfield, 500 F. Supp. 2d 1244, 1275 (E.D. Cal. 2007) (holding that discrimination claims are not preempted by the Workers' Compensation Act to the extent that the discriminatory conduct is not a "normal part of the employment relationship"); see also Jelincic v. Xerox Corp., 2004 WL 2217643, *4–6 (N.D. Cal. Oct. 1, 2004) (holding that a claim for IIED based on racial discrimination is not preempted by the Workers' Compensation Act where distress is engendered by an employer's illegal discriminatory practices).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-509 CAS (FFMx) | Date | March 14, 2012 |
|---|---|---|---|
| Title | UMAR LATIF v. M&C HOTEL INTERESTS, INC.; ET AL. | | |

## IV.    CONCLUSION

In accordance with the foregoing, the Court DENIES defendants' motion.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |